OPINION
{¶ 1} Appellant, Nancy Rose Lamont, appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court's judgment entry granted the parties a divorce, thereby terminating the marriage between appellant and appellee, Robert Pierre Lamont, III.
 {¶ 2} The parties were married in 1982. Two children were born during the marriage. One of the children was born in 1992, and the other was born in 1997. At the time of the final hearing in this matter, the children were seven and 12 years old.
 {¶ 3} On April 29, 2004, appellee filed a complaint for divorce. This action was assigned case No. 04 DC 000400 in the trial court. That same day, appellant filed her own complaint for divorce. This matter was assigned case No. 04 DC 000401. The trial court consolidated these actions and ordered that they both proceed under case No. 04 DC 000400.
 {¶ 4} While the divorce action was pending at the trial court level, the trial court issued a civil protection order preventing appellant from having contact with appellee. This court affirmed the trial court's judgment regarding the civil protection order on appeal.[1]
 {¶ 5} The evidentiary hearing in this matter was originally set for November 9, 2004. However, upon a joint motion of the parties, the hearing was rescheduled for October 13, 2004.
 {¶ 6} On September 13, 2004, appellant filed a motion to continue the October 13, 2004 hearing. The basis of this motion was that the matter involving the civil protection order was pending on appeal in this court. The magistrate denied appellant's continuance request. Appellant filed objections to the magistrate's ruling. The trial court construed appellant's objections to the magistrate's ruling as an appeal of that ruling and denied the appeal. Appellant appealed the trial court's judgment entry denying her appeal of the magistrate's ruling denying her request for a continuance to this court. In a memorandum opinion, this court dismissed appellant's appeal for lack of a final, appealable order.[2]
 {¶ 7} On October 12, 2004, appellant again moved for a continuance of the October 13, 2004 hearing. The first basis of this motion related to a discovery issue. She stated she recently received a correspondence between Jeffrey Orndorff, the guardian ad litem, and a clinical counselor. Appellant indicated she needed more time to follow up on the matter. In addition, appellant informed the magistrate that her attorney had a medical procedure scheduled for October 13, 2004. The magistrate granted the continuance and rescheduled the evidentiary hearing for December 1, 2004.
 {¶ 8} On November 18, 2004, appellant filed a motion to continue the December 1, 2004 hearing. In her motion, she stated that she was scheduled to have surgery on her thumb on November 30, 2004 and that she would be unable to attend the December 1st hearing. She attached two letters from her physician to the motion. These letters were both dated October 26, 2004. The magistrate denied appellant's motion to continue. Likewise, the trial court denied the motion when appellant appealed the magistrate's ruling to it.
 {¶ 9} An evidentiary hearing was held before the magistrate on December 1, 2004. At the beginning of the hearing, appellant's counsel moved the magistrate to recuse herself from this matter, because she presided over the matter involving the civil protection order. The magistrate denied the motion to recuse herself. Appellant did not appear at this hearing. Appellee and Orndorff were the only witnesses to testify.
 {¶ 10} On December 8, 2004, appellant filed a request to interview the children. Neither the magistrate nor the trial court interviewed the children.
 {¶ 11} The magistrate issued her decision on December 17, 2004. The magistrate recommended appellee pay appellant $20,031.13 for her interest in the marital property. Appellee was designated the custodial parent of the children. The magistrate recommended appellant pay $166.74 per child, per month, in child support. The magistrate recommended appellee pay appellant $500 per month in spousal support.
 {¶ 12} Appellant filed objections to the magistrate's decision. The trial court issued a decision, where it overruled appellant's objections to the magistrate's decision. The trial court issued a judgment entry that was generally consistent with the magistrate's decision.
 {¶ 13} Appellant raises five assignments of error. Her first assignment of error is:
 {¶ 14} "The trial court erred to the prejudice of the defendant-appellant in that the magistrate failed to recuse herself as to the matter at hand."
 {¶ 15} Both parties reference R.C. 2701.03 as authority for this issue. This statute provides that an affidavit of disqualification be filed with the Supreme Court of Ohio when a party believes a common pleas court judge is biased or prejudiced against his or her interest. However, "R.C. 2701.03 does not permit the Chief Justice to rule on allegations of bias or prejudice made against magistrates."[3] Rather, the proper avenue for seeking removal of a magistrate is to file a motion with the trial court that appointed the magistrate.[4]
 {¶ 16} The decision whether to remove the magistrate lies within the discretion of the trial court.[5] Accordingly, an appellate court uses the abuse of discretion standard when reviewing the trial court's decision.[6] "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[7]
 {¶ 17} In this matter, appellant orally asked the magistrate to recuse herself at the beginning of the evidentiary hearing. However, since appellant filed objections to the magistrate's decision and the trial court ultimately ruled on this motion, we will address the merits of this assigned error.[8]
 {¶ 18} The only ground for removing the magistrate presented by appellant was that the magistrate heard the action regarding the civil protection order. As the trial court noted, this fact, standing alone, did not show that the magistrate was sufficiently biased or prejudiced against appellant to warrant her removal. To hold otherwise would permit any litigant to "remove" any magistrate simply by filing a request for a civil protection order.
 {¶ 19} The trial court did not abuse its discretion by failing to remove the magistrate.
 {¶ 20} Appellant's first assignment of error is without merit.
 {¶ 21} Appellant's second assignment of error is:
 {¶ 22} "The trial court erred to the prejudice of the defendant-appellant in that the trial court abused its discretion in denying defendant-appellant Nancy R. LaMont's request for a continuance of the final hearing on the merits."
 {¶ 23} A decision whether to grant a continuance rests with the sound discretion of the trial court.[9] Absent an abuse of that discretion, a reviewing court shall not disturb the trial court's decision.[10] "`To determine whether the trial court abused its discretion, a reviewing court must weight the potential prejudice to the defendant against the trial court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'"[11]
 {¶ 24} The magistrate noted that this was appellant's third request for a continuance of the contested hearing date. In addition, the hearing date had been rescheduled on two prior occasions. Thus, the decision to deny this continuance request was consistent with the trial court's right to control its docket.
 {¶ 25} The magistrate noted that the physician's letter attached to appellant's motion to continue did not indicate that the surgery was an emergency. Further, the letter did not indicate when appellant scheduled the surgery. Finally, the letter did not suggest that the surgery could not be rescheduled. The magistrate weighed these factors and determined that appellant would not be prejudiced by the denial of the continuance, because she could reschedule the surgery around the hearing date.
 {¶ 26} We are troubled by the fact that a hearing went forward without appellant being present after she moved to continue the hearing. However, the magistrate and, subsequently, the trial court weighed the competing interests of the prejudice to appellant against the timely dispatch of justice. In light of the multiple continuance requests, the numerous reschedulings of the hearing, and the nonemergency nature of appellant's surgery, we cannot conclude the trial court abused its discretion by denying appellant's motion to continue.
 {¶ 27} Appellant's second assignment of error is without merit.
 {¶ 28} Appellant's third assignment of error is:
 {¶ 29} "The trial court erred to the prejudice of the defendant-appellant in that prejudicial error was committed when the Magistrate refused to interview the minor children of the parties in chambers."
 {¶ 30} Following the hearing, appellant filed a motion for the trial court to interview the children. R.C. 3109.04 provides, in relevant part:
 {¶ 31} "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon therequest of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." (Emphasis added.)
 {¶ 32} R.C. 3109.04(B) clearly mandates that the trial court conduct an in-chambers interview with the children if one of the parties requests one. We note the statute uses the word "shall." "In statutory construction, * * * the word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage."[12]
 {¶ 33} The pivotal question in this matter is whether the statute required the motion to interview the children to be filed prior to the hearing. The statute itself is silent on the issue of when the motion must be filed and does not place any time restriction on the filing of the motion.[13] The Twelfth Appellate District has held that a motion to interview children pursuant to R.C. 3109.04(B) may be filed at any point prior to the final judgment being entered.[14] In Naegel v.Naegel, the mother filed a motion for the trial court to interview the children after the hearing on the matter and after the referee had issued the report.[15] However, since the trial court had not issued its final judgment prior to the request to interview the children, the Twelfth District held the lower court erred by not interviewing the children.[16]
 {¶ 34} In this matter, appellant's motion to have the children interviewed was filed before the magistrate issued her decision. The statute states that the trial court shall
interview the children upon the request of a party.[17]
This statute does not require that the motion be filed prior to the hearing.[18] Thus, once appellant filed her motion, there was a mandatory requirement that the trial court interview the children.
 {¶ 35} In addition, we note the children in this matter were seven and 12 years old at the time of the hearing. One of the primary issues in this contested divorce action was where they were going to reside and how their time would be split between the parties. Their input could only have assisted the trial court in making these determinations.
 {¶ 36} The trial court erred by failing to interview the children.
 {¶ 37} Appellant's third assignment of error has merit.
 {¶ 38} Appellant's fourth assignment of error is:
 {¶ 39} "The trial court erred to the prejudice of the defendant in applying the `reproval of mother standard' where there was no evidence to show that the mother's conduct had a detrimental impact upon the minor children of the parties."
 {¶ 40} "Reprove" means "to find fault with."[19] The "`reproval of the mother' test" was defined in the case of Rowev. Franklin.[20] In that case, the First Appellate District held the lower court abused its discretion by focusing on the mother's priorities rather than the best interest of the child.[21] Accordingly, in this assignment of error, appellant challenges the trial court's allocation of parental rights and responsibilities.
 {¶ 41} Because the trial court erred by failing to interview the children, we are reversing the trial court's judgment as it pertains the allocation of parental rights and responsibilities. On remand, the trial court is to interview the children. Following the interview with the children, the trial court may, in its discretion, hear additional evidence regarding the allocation of parental rights and responsibilities. Thereafter, the trial court shall issue a new judgment entry allocating parental rights and responsibilities based on all matters properly before the court, including the interviews with the children.
 {¶ 42} Since the portion of the trial court's judgment entry pertaining to the allocation of parental rights and responsibilities is reversed, appellant's fourth assignment of error is moot.[22]
 {¶ 43} Appellant's fifth assignment of error is:
 {¶ 44} "The trial court erred to the prejudice of the defendant-appellant in awarding the property settlement as it did."
 {¶ 45} "In a domestic relations action, a trial court is given broad discretion in formulating its division of marital assets."[23] Thus, "[a] reviewing court is limited to determining whether a trial court abused its discretion in making a property division."[24]
 {¶ 46} Appellant argues that the trial court erred by offsetting her portion of the marital property by $4,400. Appellee testified that, shortly after he filed for divorce, appellant withdrew $4,400 from their joint accounts. On appeal, appellant does not dispute the fact she took this money, but argues that it was used as a necessity, since she had nowhere to live and no means to support herself. Appellant did not testify at the hearing, thus, there was no evidence presented supporting her assertion that the $4,400 was spent on necessities.
 {¶ 47} Appellant also argues that the trial court erred by failing to account for "funds taken by Appellee out of Appellant's inheritance from her deceased sister, which included cash and furniture." There was no evidence presented regarding appellant's claimed separate property from her sister's estate or her contention that appellee took some of this property.
 {¶ 48} Appellant contends the trial court erred by considering the fact that she was to receive funds as a result of an inheritance from her father. Appellant argues that her father was still alive at the time of the hearing. The magistrate's decision only refers to appellant receiving an "inheritance," it does not specify from whom the inheritance was received. Further, contrary to appellant's contention, the magistrate included this finding of fact in her analysis of the spousal support issue, not the disposition of property issue. We do not believe the "inheritance" finding of fact related to appellant's father. Earlier in the findings of fact, the magistrate found that appellant's father was living in a nursing home. Thereafter, the magistrate indicated appellant "received" an inheritance and it was unknown whether the funds from the inheritance were still in existence. The fact the magistrate referred to appellant's father in the present tense and her receipt of an inheritance in the past tense, supports our interpretation that the inheritance provision did not concern appellant's father.
 {¶ 49} Appellant has not demonstrated that the trial court abused its discretion in the division of marital property.
 {¶ 50} The remaining portion of appellant's fifth assignment of error alleges the trial court committed error in determining the amount of spousal support.
 {¶ 51} Appellant argues that the award of spousal support was too low. The magistrate imputed minimum wage earnings to appellant for the purposes of the child support calculations. Appellant claims that appellee prevented her from working during the marriage and that she has a thumb injury. Taken together, she argues, these claims prevent her from attaining gainful employment. There was no evidence presented at the hearing regarding either of these issues. Thus, the trial court did not abuse its discretion in failing to consider these items when making its spousal support award.
 {¶ 52} Appellant's fifth assignment of error is without merit.
 {¶ 53} The judgment of the trial court is reversed regarding the allocation of parental rights and responsibilities. In all other respects, the judgment of the trial court is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Donald R. Ford, P.J., concurs, Colleen Mary O'Toole, J., concurs with Concurring Opinion.
[1] Lamont v. Lamont, 11th Dist. No. 2004-G-2580,2005-Ohio-2256.
[2] Lamont v. Lamont, 11th Dist. No. 2004-G-2591,2004-Ohio-5515.
[3] In re Disqualification of Wilson (1996),77 Ohio St.3d 1250, 1251.
[4] Id., citing In re Disqualification of Light (1988),36 Ohio St.3d 604.
[5] Id.
[6] (Citations omitted.) In re Baby Girl Elliott, 12th Dist. No. CA2003-10-256, 2004-Ohio-3539, at ¶ 55.
[7] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[8] See Unger v. Unger (Dec. 29, 2000), 12th Dist. No. CA2000-04-009, 2000 Ohio App. LEXIS 6230, at *7.
[9] In re Jones-Dentigance, 11th Dist. No. 2005-P-0058,2005-Ohio-5960, at ¶ 28, citing In re Baby Girl Doe,149 Ohio App.3d 717, 2002-Ohio-4470, at ¶ 55.
[10] Id.
[11] Savage v. Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, at ¶ 48, quoting In re Zak, 11th Dist. Nos. 2001-L-216, 2001-L-217, and 2001-L-218, 2003-Ohio-1974, at ¶ 29.
[12] Dorrian v. Scioto Conserv. Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus.
[13] See Naegel v. Naegel (Jan. 31, 1994), 4th Dist. No. CA93-06-041, 1994 Ohio App. LEXIS 326, at *7.
[14] Id., citing Deaton v. McIntosh (1992),82 Ohio App.3d 688, 690-691.
[15] Naegel v. Naegel, at *4-5.
[16] Id. at *7.
[17] R.C. 3109.04(B)(1).
[18] Id. See, also, Naegel v. Naegel, at *7.
[19] The American Heritage Dictionary (2 Ed.Rev. 1991) 1050.
[20] Rowe v. Franklin (1995), 105 Ohio App.3d 176, 186.
[21] Id.
[22] App.R. 12(A)(1)(c).
[23] Jenkins v. Jenkins, 11th Dist. No. 2002-P-0121,2004-Ohio-3332, at ¶ 26, citing Cherry v. Cherry (1981),66 Ohio St.2d 348.
[24] Id., citing Holcomb v. Holcomb (1989), 44 Ohio St.3d 128
and Kampf v. Kampf (May 3, 1991), 11th Dist. No. 90-A-1503, 1991 Ohio App. LEXIS 1990, at *6-7.