OPINION
{¶ 1} Appellant, Nancy Lamont, appeals the judgment of the Geauga County Court of Common Pleas, Juvenile Division, awarding custody to father, Robert Lamont, III, appellee.
 {¶ 2} The parties were married in 1982. Two children were born during the marriage; one child in 1992 and one child in 1997. In 2004, appellee filed a complaint for divorce in the Geauga County Court of Common Pleas. The magistrate, on *Page 2 
December 17, 2004, designated appellee the custodial parent of the children. The trial court adopted this recommendation and filed its judgment entry on February 18, 2005.
 {¶ 3} Appellant appealed the decision of the trial court. Before this court rendered its decision, the Geauga County Job and Family Services ("GCJFS") filed a complaint in the Geauga County Court of Common Pleas, Juvenile Division, alleging "said children are neglected pursuant to Ohio Revised Code 2151.03(A)(2)(3) and (4); said children are dependent pursuant to Ohio Revised Code 2151.04(B) and (C), and the GCJFS requests protective supervision and/or temporary custody."
 {¶ 4} On November 24, 2006, this court rendered a decision in the divorce action, and with respect to the custody issue stated:
 {¶ 5} "* * * [W]e note the children in this matter were seven and 12 years old at the time of the hearing. One of the primary issues in this contested divorce action was where they were going to reside and how their time would be split between the parties. Their input could only have assisted the trial court in making these determinations.
 {¶ 6} "* * *
 {¶ 7} "The judgment of the trial court is reversed regarding the allocation of parental rights and responsibilities. In all other respects, the judgment of the trial court is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion." Lamont v. Lamont, 11th Dist. No. 2005-G-2628, 2006-Ohio-6204, at ¶ 35, 53.
 {¶ 8} On December 14, 2006, an adjudication and disposition hearing was held in the juvenile court. The juvenile court found the minor children to be dependent as defined by R.C. 2151.04(C); GCJFS was granted protective supervision over the *Page 3 
children; and appellee was granted temporary custody of the children. A review of the case was set for 180 days.
 {¶ 9} On February 7, 2007, appellant filed a motion for an in-camera interview, a motion to change custody, and a motion to be named residential parent and legal custodian of the minor children. In her motion, appellant alleges a change of circumstances has occurred that warrants a change of custody pursuant to R.C. 3109.04. At the time the motion to change custody was filed by appellant, custody of the children was under the December 14, 2006 dispositional order, not under any previous order regarding custody.
 {¶ 10} The GCJFS filed, on March 30, 2007, a motion to show cause why appellant should not be in contempt of court for violation of the December 19, 2006 court order requiring appellant to schedule an appointment to receive an updated mental health examination and to complete a parenting class.
 {¶ 11} On April 16, 2007, the juvenile court held a show cause hearing, a review hearing, and a hearing on a motion for custody filed by appellant.
 {¶ 12} An in-camera interview of the two minor children also took place on April 16, 2007. On that same date, the juvenile court found appellant guilty of contempt for failing to complete the parenting class as ordered by the trial court. Further, the juvenile court awarded appellee legal custody of the two minor children. In making this decision, the juvenile court stated that it considered relevant factors, including those listed in R.C. 3109.04(F). Additionally, the juvenile court found it in the best interest of the two minor children that GCJFS continue to exercise protective supervision. It is from this judgment that appellant appeals, raising the following sole assignment of error: *Page 4 
 {¶ 13} "The Trial Court abused its discretion in failing to find that there was a change of circumstance and that it would be for the best interests of the children to change custody to the mother, Nancy Lamont."
 {¶ 14} In determining allocation of parental rights and responsibilities, trial courts have broad discretion. Graves v.Graves, 9th Dist. No. 3242-M, 2002-Ohio-3740, at 1131. (Citation omitted.) Therefore, such a determination shall not be disturbed absent an abuse of discretion. Daw's v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "A child-custody decision that is supported by a substantial amount of competent and credible evidence will not be reversed on appeal absent an abuse of discretion." Myers v. Myers, 153 Ohio App.3d 243,2003-Ohio-3552, at ¶ 43. (Citation omitted.)
 {¶ 15} Appellant argues the trial court erred when it did not find a change in circumstances and did not find the "best interests of the children would be better served by changing custody to [appellant.]" In December 2006, the juvenile court adjudicated the two children as dependent and awarded temporary custody to appellee with protective supervision as an order of disposition under R.C. 2151.353. Therefore, once the juvenile court made a finding of dependency and placed the children under a protective supervision order, an ultimate award of custody is not subject to the "change in circumstances test" that appellant advocates in her brief, but the standard as set forth in R.C.2151.417(B) and 2151.42(A). *Page 5 
 {¶ 16} R.C. 2151.417(B) states, in pertinent part:
 {¶ 17} "If a court issues a dispositional order pursuant to section2151.353, 2151.414, or 2151.415 of the Revised Code, the court has continuing jurisdiction over the child as set forth in division (E)(1) of section 2151.353 of the Revised Code. The court may amend a dispositional order in accordance with division (E)(2) of section2151.353 of the Revised Code at any time upon its own motion or upon the motion of any interested party. The court shall comply with section2151.42 of the Revised Code in amending any dispositional order pursuant to this division."
 {¶ 18} R.C. 2151.42(A) states:
 {¶ 19} "At any hearing in which a court is asked to modify or terminate an order of disposition issued under section 2151.353,2151.415, or 2151.417 of the Revised Code, the court, in determining whether to return the child to the child's parents, shall consider whether it is in the best interest of the child."
 {¶ 20} A review of the record reveals that when the parties divorced, appellee was regarded as the custodial parent. However, by this court's decision dated November 24, 2006, the judgment of the trial court was reversed regarding the allocation of parental rights and responsibilities. At the time the decision of this court was rendered, the children were under the jurisdiction of the juvenile court. Accordingly, the juvenile court's disposition of the children in terms of the dependency proceeding and award of legal custody to appellee is an initial award of custody, not a modification of a prior decree. In fact, the juvenile court addressed this issue at the hearing on April 16, 2007, by stating the following: *Page 6 
 {¶ 21} "You know, as far as I am concerned, I understand that you folks had a divorce, there was a custody decision that was made. There was a ruling, appeals, and that was all reversed, so this is like a de novo hearing. You can present whatever relevant information that you have to present regarding custody."
 {¶ 22} When considering the best interest of the child, the trial court must consider the list of factors enumerated in R.C.3109.04(F)(1). Further, in considering the best interest of the child, the trial court may consider reports from the guardian ad litem or a psychologist. Manis v. Manis (Aug. 22, 1997), 11th Dist. No. 96-P-0200, 1997 Ohio App. LEXIS 3784, at *15.
 {¶ 23} In rendering its decision, the juvenile court noted that "the court finds it to be in the child(ren)'s best interest and [hereby does grant legal custody of the minor children to appellee]. In making this decision, the court * * * considered relevant factors, including those provided for in ORC 3109.04(F)." To support her argument on appeal, appellant cites to testimony from the hearing held on December 14, 2006. Yet, this hearing was for the purpose of adjudication and disposition of the minor children. The juvenile court did not consider the allocation of parental rights and responsibilities for the care of children until after the April 16, 2007 hearing. It appears from the record that the children are still under protective supervision as the entry of April 20, 2007 indicates.
 {¶ 24} At the hearing on April 16, 2007, Kelly Conroy, of GCJFS, reported that both children were doing well in school since living with appellee and appellee was not drinking in the home, nor was any alcohol found in the home. Further, the children were regularly attending counseling. Ms. Conroy also testified that she does not see any *Page 7 
concerns with regard to the parenting ability of Laurel DelRosso, appellee's girlfriend, and appellee is enrolled in a parenting class as previously ordered by the juvenile court.
 {¶ 25} Appellant, on the other hand, has refused to participate in a home study. At the hearing, the juvenile court also found appellant in contempt of court for not attending the parenting classes as required by court order. Further, both the agency and the guardian ad litem indicated they feel the children should remain with appellee. The record clearly indicates that the juvenile court considered both the strengths and weaknesses of each parent, the factors enumerated under R.C.3109.04(F), the testimony of the minor children, and the recommendation of the agency and the guardian ad litem in rendering its decision. Based upon the foregoing facts, we conclude that there is competent, credible evidence to support the juvenile court's allocation of parental rights and responsibilities. Therefore, the lower court did not abuse its discretion in naming appellee the legal custodian of the minor children, and appellant's sole assignment of error is found not well-taken.
 {¶ 26} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, P.J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.