OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Terry Shane Metzenbaum. Appellee, Dr. Todd Gates, has not submitted an appellate brief. Metzenbaum appeals the judgment entered by the Chardon Municipal Court. The trial court entered judgment in favor of Dr. Gates.
 {¶ 2} Metzenbaum, through his former attorney, retained Dr. Gates to testify as an expert witness in another matter. Dr. Gates spent two to three hours meeting with the attorney and reviewing Metzenbaum's records. However, shortly before the scheduled trial, the case settled, and Dr. Gates' testimony was not needed.
 {¶ 3} Metzenbaum's attorney paid Dr. Gates $450. Metzenbaum initiated this action against Dr. Gates for the $450, plus interest and filing fees. He claims Dr. Gates did not earn this money, since he never testified.
 {¶ 4} The magistrate found that, when acting as Metzenbaum's agent, Metzenbaum's attorney retained Dr. Gates as an expert witness. Further, Dr. Gates spent two to three hours on the matter and had set aside two afternoons to testify. Thus, the magistrate found that Dr. Gates was entitled to the $450 payment and recommended judgment in favor of Dr. Gates. Metzenbaum filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3). The trial court adopted the magistrate's decision and entered judgment in favor of Dr. Gates.
 {¶ 5} Metzenbaum has timely appealed the trial court's judgment. He raises the following assignment of error:
 {¶ 6} "The trial court failed to allow the appellant to cross examine [appellee] at trial."
 {¶ 7} Pursuant to App.R. 9(B), it is the appellant's duty to file a transcript with this court. Metzenbaum has failed to file a transcript of the magistrate's hearing or the hearing before the trial court. Even if formal transcripts of these proceedings were unavailable, Metzenbaum had the duty, pursuant to App.R. 9(C), to file a statement of the evidence with this court. He has not done so. Metzenbaum is appearing pro se on appeal. However, a pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court.[1]
 {¶ 8} An appellate court is limited to the record before it.[2] In addition, this court has previously held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment."[3]
 {¶ 9} Without a transcript of the proceedings, we do not know whether Metzenbaum was permitted to cross-examine Dr. Gates. Thus, Metzenbaum has not demonstrated that he was unable to cross-examine Dr. Gates.
 {¶ 10} In addition, Metzenbaum asserts the trial court erred by granting Dr. Gates "expert status," without requiring him to file a written report. Metzenbaum misapplies Civ.R. 16 in support of his argument. Civ.R. 16 states, in part:
 {¶ 11} "In any action, the court may schedule one or more conferences before trial to accomplish the following objectives:
 {¶ 12} "* * *
 {¶ 13} "(5) The exchange of reports of expert witnesses expected to be called by each party[.]" (Emphasis added.)
 {¶ 14} Initially, we note that the language of Civ.R. 16 is discretionary. Moreover, Dr. Gates was not testifying as an expert witness in this matter. The limited record before this court reveals he was only testifying to the amount of time he spent on the prior lawsuit. Therefore, the trial court did not err by failing to order the production of written reports.
 {¶ 15} Metzenbaum's assignment of error is without merit.
 {¶ 16} The judgment of the trial court is affirmed.
Christley, J., Grendell, J., concur.
[1] See Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363.
[2] See, e.g., State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
[3] State v. Davis (Dec. 4, 1998), 11th Dist. No. 97-P-0111, 1998 Ohio App. LEXIS 5810, at *2, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; Bucary v.Rothrock (July 13, 1990), 11th Dist. No. 89-L-14-046, 1990 Ohio App. LEXIS 2854, at *2-3.