OPINION *Page 2 
{¶ 1} Appellant, Gary Alexander, appeals from the Judgment Entry of Divorce entered by the Muskingum County Court of Common Pleas, Domestic Relations Division, on August 9, 2006.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and Appellee Janet Alexander were married November 17, 2000 in Covington, Kentucky. No children were born of the marriage. However, Appellant had another wife at the time of his marriage to appellee. This prior marriage was subsequently dissolved in 2003. Appellant began serving a three-year prison sentence in November, 2004. Appellee herself was arrested on federal drug charges in July, 2005
 {¶ 3} On April 24, 2006, appellee filed a Complaint for Divorce. Service was perfected on Appellant while in prison on May 2, 2006. The trial court set the matter for initial hearing on June 19, 2006.
 {¶ 4} Appellant, proceeding pro se, filed several motions with the trial court but never filed an Answer to the Complaint. On May 10, 2006, appellant asked the trial court to continue the June trial date on the grounds he had appointed his brother as his power of attorney, and needed time to get his brother "up to date and fully advised of the defendant's plans and order about this matter". The trial court denied the appellant's request for a continuance on May 17, 2006.
 {¶ 5} On May 19, 2006, appellant filed a Motion for Dismissal on the grounds appellee made false allegations in the Complaint. In addition, on May 20, 2006, appellant filed a Motion to Convey or to Allow Defendant's Power of Attorney to *Page 3 
Represent Defendant. On June 26, 2006, the trial court set the matter for final hearing on July 17, 2006.
 {¶ 6} On July 11, 2006, appellant filed several additional motions, including a Motion for Reconsideration and Motion for Contempt.
 {¶ 7} On July 17, 2006, the trial court held the final divorce hearing. Appellee appeared with her counsel.
 {¶ 8} On July 27, 2006, the trial court issued a Judgment Entry denying appellant's request to be conveyed from prison. In addition to refusing to convey appellant, the trial court further stated that the divorce hearing could not be continued until appellant was released from prison because appellee was "scheduled to plead and be sentenced to a term of incarceration on federal charges". The trial court also issued a Judgment Entry dismissing appellant's Motion for Contempt and an Entry denying appellant's Motion for Reconsideration.
 {¶ 9} On August 9, 2006, the trial court issued a Judgment Entry Decree of Divorce granting appellee an absolute divorce on the ground appellant was already married at the time of his marriage to appellee. The trial court found appellant had committed financial misconduct and domestic violence toward appellee during the marriage. The trial court awarded appellee two parcels of property deeded in the parties' joint names, which had been purchased and/or improved with appellee's own funds or separate pre-martial funds. The trial court also awarded appellee all personal property in her possession.
 {¶ 10} Appellant timely appealed raising the following assignments of error: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN IT DENIED THE APPELLANT THE RIGHT TO BE REPRESENTED BY COUNSEL.
 {¶ 12} "II. TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAW WHEN GRANTING APPELLEE-JANET ALEXANDER, ALL MARITAL ASSETS WITHOUT AFFORDING THE APPELLANT A CHANCE TO BE HEARD, IN VIOLATION OF THE APPELLANT'SFIFTH AND FOURTEENTH AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION.
 {¶ 13} "III. TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY ALLOWING APPELLEE TO MAKE FALSE AND MISLEADING STATEMENTS TO THE COURT, FILING FALSE AND MISLEADING FINANCIAL STATEMENTS AND THEREFORE COMMITTING FRAUD UNDER CIV. R 60(B ).
 {¶ 14} "IV. TRIAL COURT ABUSED IT'S [SIC] DISCRETION WHEN IT FOUND THAT "BASED UPON THE PLEADINGS FILED BY THE DEFENDANT IT IS APPARENT THAT DEFENDANT IS NOT CAPABLE OF CONDUCTING AN `INTELLIGENT' AND RESPONSIVE ARGUMENT TO THE ISSUES RAISED IN PLAINTIFF'S COMPLAINT." *Page 5 
 {¶ 15} "V. TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY DENYING THE APPELLANT'S PRE-TRIAL MOTION FOR CONTINUANCE."
 {¶ 16} Before addressing appellant's assignments of error, we must address the state of the record before this Court.
 {¶ 17} Appellant has failed to provide this Court with a transcript of the proceedings at the hearing.
 {¶ 18} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 I, II IV. {¶ 19} Assignments of error I, II and IV are interrelated and will be addressed together. In two of these assignments of error, appellant also argues his due process rights were violated because the trial court would not allow him to appear.
 {¶ 20} First, we note that a divorce is a civil proceeding. As an incarcerated prisoner, appellant had no absolute due process right to attend a civil trial to which he was a party. Marcino v. Lakewood
(1987), 36 Ohio App.3d 219, 221. Whether a prisoner should be permitted to attend a civil trial in person depends upon the circumstances of each case.
 {¶ 21} The decision whether to allow the presence of an incarcerated party in a civil matter is within the sound discretion of the trial court. Kampfer v. Donnalley (1998), 125 Ohio App.3d 359, 363. An abuse of discretion is more than an error of law or *Page 6 
judgment; it implies that the trial court's reasoning was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 22} In Marcino, supra, the Cuyahoga County Court of Appeals recited nine factors to weigh in making the decision as to whether to permit an incarcerated party to attend a civil hearing:(1) whether the inmate's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether the inmate is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the inmate to court; (4) any security risk posed by the inmate's presence; (5) the substantiality of the litigated issues; (6) the need for resolution of those issues; (7) the possibility of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the inmate's interest in presenting evidence in person, rather than via deposition. Id. at 221-222 (citing Price v. Johnston (1948), 334 U.S. 266, 284-285, overruled on other ground; Stone v. Morris (C.A.7, 1976), 546 F.2d 730,735-736).
 {¶ 23} In this case, the trial court cited several reasons for denying appellant's request to be conveyed, in the July 27, 2006 Entry:
 {¶ 24} (1) "It is apparent that Defendant is not capable of conducting an intelligent and responsive argument to the issues raised in Plaintiff's Complaint;
 {¶ 25} (2) "The cost of transporting and housing the Defendant outweighs the benefit of his presence;
 {¶ 26} (3) "Defendant having been convicted of a felony poses some security risk in his transport and appearance; *Page 7 
 {¶ 27} (4) "That the matter cannot be delayed until the Defendant is otherwise free to appear on his own in that Plaintiff is scheduled to plead and be sentenced to a term of incarceration on federal charges."
 {¶ 28} This Court finds the trial court properly considered the factors set forth in Marcino and did not abuse its discretion in refusing to convey appellant from prison for the final divorce hearing. In addition, the record before this Court does not present any issues that were so substantial as to require appellant's attendance. Appellant was married at the time of his marriage to appellee, thus the marriage was arguably voidable; the parties had no income, only modest property holdings and no children.
 {¶ 29} Appellant also argues the trial court abused it discretion by finding that he is "not capable of conducting an intelligent and responsive argument to the issues raised in Plaintiff's Complaint." Judgment Entry dated July 27, 2006.
 {¶ 30} As already discussed, this is a factor to be considered in a trial court's evaluation of a motion to convey. The trial court's finding was also supported by the state of the record in this case; for example, appellant repeatedly accused appellee of infidelity, insurance fraud; and perjury in rambling pleadings and letters to the trial court. We cannot say the trial court abused its discretion in this case.
 {¶ 31} Appellant also argues that he was denied due process because he was not represented by counsel. Appellant did not request to be represented by counsel. Even if he had requested counsel, this Court has consistently held that there is no constitutional right to counsel in a domestic relations matter. Hogle v. Hogle (Mar. 2, 1998), 5th Dist. No. 97-CA-9, Lynch v. Lynch (Jan. 15, 1993), 5th Dist. No. 7-CA-92.
 {¶ 32} Accordingly, assignments of error I, II and IV are overruled. *Page 8 
 III. {¶ 33} In appellant's third assignment of error, he argues that the trial court abused its discretion by allowing appellee to make false statements. Without a transcript to review appellee's testimony, we must presume regularity of the proceedings below and affirm. Nickel v.Nickel, Licking App. No. 2004CA00072, 2005-Ohio-3050, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 34} Accordingly, appellant's third assignment of error is overruled.
 V. {¶ 35} In his fifth assignment of error, appellant argues that the trial court abused its discretion by failing to allow a continuance.
 {¶ 36} The decision on whether to grant a continuance is within the sound discretion of the trial court. Lamont v. Lamont, 11th Dist. No. 2005-G-2628, 2006-Ohio-6204. An abuse of discretion is more than an error of law or judgment, it implies that the trial court's reasoning was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 37} This Court finds the trial court did not abuse its discretion in denying a continuance in light of the fact that appellant was incarcerated and was not near his release date. In addition, the appellee was also expected to be incarcerated in the near future and in the interests of judicial economy it was appropriate to hear the matter as expeditiously as possible.
 {¶ 38} We further note that although appellant claims the trial court did not permit or allow his brother to testify or speak on his behalf, we cannot evaluate the merits of *Page 9 
this issue, as there is no transcript to review of the proceedings, and we must presume regularity.
 {¶ 39} Appellant's fifth assignment of error is overruled.
 {¶ 40} The decision of the Muskingum County Court of Common Pleas, Domestic Relations Division is affirmed.
 By: Delaney, J., Hoffman, P.J., and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant. *Page 1