OPINION
{¶ 1} Appellant, Larry Gene Lopshire, appeals from the March 21, 2008 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, overruling his Civ. R. 60(B) motion to vacate judgment in the divorce proceedings between appellant and appellee, Victoria Elizabeth Lopshire.
 {¶ 2} The parties were married on April 8, 2000, and no children were born as issue of the marriage. On October 9, 2007, appellee filed a complaint for divorce *Page 2 
against appellant, indicating that appellant was incarcerated and alleging that he was guilty of gross neglect of duty and extreme cruelty, as well as maintaining that they were incompatible. Appellant filed a pro se answer on November 13, 2007.
 {¶ 3} On December 5, 2007, appellant filed a pro se motion for a continuance, which was denied by the trial court the following day.
 {¶ 4} The matter was heard on December 20, 2007.
 {¶ 5} On December 24, 2007, the trial court entered its judgment entry of divorce.
 {¶ 6} Appellant filed a pro se motion pursuant to Civ. R. 60(B) to set aside the judgment entry of divorce on January 10, 2008. On February 8, 2008, appellant filed a pro se motion for temporary restraining order.
 {¶ 7} A hearing was held on February 20, 2008.
 {¶ 8} Pursuant to its March 21, 2008 judgment entry, the trial court overruled appellant's pro se Civ. R. 60(B) motion to set aside the judgment entry of divorce. It is from that judgment that appellant filed a timely notice of appeal, asserting the following assignments of error for our review:[1]
 {¶ 9} "[1.] The Court was clearly erroneous and abused its discretion to the prejudice of defendant when it allowed plaintiffs case to go forward on a fast tract (sic) to final hearing on divorce, despite plaintiffs willful and deliberate failure to file a Financial Disclosure Affidavit as required by Portage County Domestic Relations Court Local Rule 11. *Page 3 
 {¶ 10} "[2.] The trial court abused its discretion when it refused to grant defendants (sic) timely first Motion for Continuance of final hearing for divorce where the case was only two (2) months old on the docket, was in the early stages of discovery and where complete discovery was necessary in order to make fair and equitable distribution of premarital and marital assets.
 {¶ 11} "[3.] The trial court was clearly erroneous and abused its discretion when it summarily deferred to and empowered the plaintiffs counsel to act as the ersatz presiding domestic relations judge by unilaterally granting and conferring unto plaintiffs counsel the right and opportunity to transfer substantially all of defendants (sic) premarital and marital assets to plaintiff without affording defendant any right to Due Process as guaranteed by the 14th Amendment of the U.S. Constitution."
 {¶ 12} Preliminarily, we note that to prevail on a motion brought pursuant to Civ. R. 60(B), the movant must show:
 {¶ 13} "* * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of the elements are not met, the motion should be overruled. Thrasher v. Thrasher (June 15, 2001), 11th Dist. No. 99-P-0103, 2001 Ohio App. LEXIS 2720, at 5-6.
 {¶ 14} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of *Page 4 
discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v. Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 15} In his first assignment of error, appellant argues that the trial court abused its discretion by permitting the case to go forward to final hearing without requiring appellee to furnish a financial disclosure affidavit as required under Portage County Domestic Relations Court Loc. R. 11.
 {¶ 16} Loc. R. 11(A) of the Portage County Domestic Relations Court provides: "Each party in a divorce, annulment, legal separation action, and actions to dissolve marriages shall prepare and file a financial disclosure affidavit of income, expenses, property and liabilities, which shall be filed within 10 days from the filing of the action and/or prior to the first scheduled hearing. Parties shall exchange the form forthwith. A party filing an answer and/or counterclaim shall file a complete financial affidavit within 10 days from the date of the filing of the notice of appearance and/or filing of the answer and counterclaim."
 {¶ 17} In the case at bar, with respect to the failure of appellee to file a financial statement at the time of the divorce, Civ. R. 60(B) may not be used as a substitute for appeal. Doe v. Trumbull Cty. Children'sServices Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. At the time the divorce was finalized, it was apparent that appellee failed to file a financial statement, and appellant should have raised the *Page 5 
issue by way of direct appeal. See Vega v. Vega, 5th Dist. No. 2002AP060048, 2003-Ohio-620, at ¶ 19.
 {¶ 18} Appellant's first assignment of error is without merit.
 {¶ 19} In his second assignment of error, appellant contends that the trial court abused its discretion by refusing to grant his motion to continue the final divorce hearing.
 {¶ 20} "The decision whether to grant a continuance is within the sound discretion of the trial court." Hartt v. Munobe (1993),67 Ohio St.3d 3, 9. Consequently, "[a]n appellate court will not find error `unless it clearly appears, from all the facts and circumstances, that there has been an abuse of discretion, operating to the prejudice of the party in the final determination of the case.'" Garrett v. Garrett
(1977), 54 Ohio App.2d 25, 34.
 {¶ 21} In ruling upon a motion for a continuance, "[t]he trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." Sayre v. Hoelzle-Sayre (1994),100 Ohio App.3d 203, 208, citing State v. Unger (1981), 67 Ohio St.2d 65, 67. The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "`other relevant *Page 6 
factors, depending on the unique facts of each case.'" Id., CitingUnger at 67-68.[2]
 {¶ 22} In its March 21, 2008 judgment entry, the trial court stated:
 {¶ 23} "3. Husband's assertion that Wife failed to comply with his request for discovery is rejected because Husband did not file his discovery requests until November 26, 2007, approximately twenty-four days prior to the final divorce hearing. Because Ohio Rule of Civil Procedure 33 and Ohio Rule of Civil Procedure 34 provide that a party must be given at least twenty-eight days to respond to a request for discovery, Husband's assertion that Wife failed to comply with his request for discovery is denied. Moreover, Husband failed to comply with Ohio Rule of Civil Procedure 33 regarding the necessity of serving both printed and electronic discovery requests on the opposing party.
 {¶ 24} "* * *
 {¶ 25} "5. This Court rejects Husband's uncorroborated assertion that Wife abused her power of attorney over Husband's affairs by selling or otherwise disposing of Husband's premarital property for lack of evidence to support his claim.
 {¶ 26} "6. This Court rejects Husband's assertion that `this Court acted arbitrarily and capriciously when it denied the Defendant's Motion for Continuance.' Indeed, this Court acted well within its discretion when it denied Husband's motion to continue the final divorce hearing.
 {¶ 27} "7. This Court rejects Husband's objections to the division of personal *Page 7 
property. Though Husband asserts that much of the personal property awarded to Wife was his premarital property, he presented no evidence or testimony to support his claim."
 {¶ 28} In the case sub judice, along with the fact that appellant believes he should have been granted a continuance, he takes issue with the disposition of personal property. Appellant also stresses that he was a pro se litigant and that the trial court should have afforded him some deference or accommodation.
 {¶ 29} First, with respect to how the trial court came to its determination regarding the disposition of personal property, we stress that appellant failed to provide this court with a transcript of the December 20, 2007 and February 20, 2008 hearings.
 {¶ 30} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 31} Next, with regard to appellant's belief that his motion for a continuance should have been granted, we determine that the trial court did not abuse its discretion in denying a continuance in light of the fact that appellant was incarcerated and represented himself pro se. SeeAlexander v. Alexander, 5th Dist. No. CT06-0061, 2007-Ohio-3933, at ¶ 37. Here, the trial court used its discretion in controlling its own docket. Also, appellant fails to show how he was prejudiced due to the denial of the continuance. *Page 8 
 {¶ 32} Lastly, this court notes that although appellant was not represented by counsel, we do not, however, apply a different standard of review. "[A] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court."Metzenbaum v. Gates, 11th Dist. No. 2003-G-2503, 2004-Ohio-2924, at ¶ 7, citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363.
 {¶ 33} Appellant's second assignment of error is without merit.
 {¶ 34} In his third assignment of error, appellant alleges that the trial court abused its discretion by deferring to and empowering appellee's counsel to act as the trial judge by unilaterally granting and conferring upon appellee's representative the right and opportunity to transfer substantially all of appellant's premarital and marital assets to appellee without affording him any right to due process as guaranteed by the Fourteenth Amendment. Appellant maintains that he was at the mercy of the trial court since he acted pro se.
 {¶ 35} We note that a divorce is a civil proceeding. As an incarcerated prisoner, appellant had no absolute due process right to attend a civil trial to which he was a party. Mancino v. Lakewood
(1987), 36 Ohio App.3d 219, 221. Also, there is no constitutional right to counsel in a domestic relations matter. See Alexander, supra, at ¶ 31.
 {¶ 36} Here, a review of the record does not establish that the trial court acted in an improper manner or denied appellant of his right to due process.
 {¶ 37} Appellant's third assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas, Domestic *Page 9 
Relations Division, is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds that there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] Appellee did not file an appellate brief.
[2] Although these factors originate from a criminal case, courts in this state have also applied them in the context of civil actions. *Page 1