[Cite as *Henderson v. Henderson*, 2013-Ohio-2820.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| TROY H. HENDERSON, SR., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-G-3118** |
| ETHEL M. HENDERSON, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 09D1229.

Judgment: Affirmed.

*Troy H. Henderson, Sr.,* pro se, 11040 Clark Road, Chardon, OH 44024 (Plaintiff-Appellant).

*Mary K. Bender*, Mary K. Bender Co., L.P.A., 401 South Street, Bldg. 4-A, Chardon, OH 44024 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Troy H. Henderson, Sr., appeals from the October 29, 2012 judgment of the Geauga County Court of Common Pleas, adopting a magistrate's decision with respect to the division of certain property and debt as well as involving the issue of spousal support.

{¶2} Appellant and appellee, Ethel M. Henderson, were granted a divorce on September 29, 2010. On April 1, 2011, appellee filed a motion for relief from judgment alleging that the separation agreement attached to the September 2010 judgment did

not dispose of certain assets and debts. The trial court granted appellee's motion. On March 21, 2012, the parties, who were each represented by counsel, entered into an agreement which provided that the September 2010 judgment would be vacated and held for naught, except for the granting of the divorce itself. The matter was set for an August 30, 2012 hearing.

{¶3} In the meantime, on July 24, 2012, appellant's attorney withdrew as counsel. On August 20, 2012, appellant filed a pro se motion to continue. The trial court denied appellant's motion indicating that he had previously sought and received continuances five times.

{¶4} A hearing was held before a magistrate on August 30, 2012. In her September 4, 2012 decision, the magistrate recommended a specific division of property and that appellant pay appellee spousal support in the amount of $1,000 per month for 66 months. Appellant filed a pro se motion objecting to the magistrate's decision and requesting findings of fact and conclusions of law.

{¶5} On October 29, 2012, the trial court overruled appellant's objections and adopted the magistrate's decision. Appellant filed a pro se appeal asserting the following 10 assignments of error for our review:

{¶6} "[1.] Trial Court committed prejudicial error and abused its discretion in its determination of gross income by including Plaintiff-Appellant service connected disability benefits and Social Security disability income and not including Plaintiff-Appellant's cost of living expenses and then authorizing garnishment of Plaintiff-Appellant's service-connected disability benefits and Social Security disability income.

2

{¶7} "[2.] Trial Court erred and abused its discretion by denying and depriving Plaintiff of his Constitutional due process of rights, equal protection rights and rights to a fair and impartial trial by its determination in favor of Defendant-Appellee as creditable witness rather than holding Defendant-Appellee in contempt of court for perjury, falsification or at a minimum false representation before the Honorable Court and Magistrate.

{¶8} "[3.] Trial court abused its discretion by compelling and coercing Appellant to proceed as a self-represented litigant without a continuances for good cause and permitting Appellant's ex-attorney to withdraw three weeks prior to trial, in violation of Plaintiff-Appellant's Sixth, Eighth, Fourteenth Amendment of the United States Constitution and Article I, section 1, 2, 9, 10, and 16 of the Ohio Constitution.

{¶9} "[4.] Trial court erred and abused its discretion by denying Plaintiff-Appellant's motions for findings of fact, conclusion of laws and objection to Magistrate's decision.

{¶10} "[5.] The trial court committed prejudicial error and abused its discretion in its determination to extend alimony payments to Defendant-Appellee for another five and half years at an increased amount of money ($1000.00) after Appellant completed paying a previous alimony support order from 2008 to Defendant-Appellee for five and a half years.

{¶11} "[6.] The trial court committed prejudicial error and abused its discretion by its determination of failing to properly divide marital debts/liabilities and assets, and by its lack of determination for compensation to Plaintiff-Appellant for half of the marital

assets that was in the possession of Defendant-Appellee and allegedly stolen and sold without compensation or consent by Plaintiff-Appellant.

{¶12} "[7.] Trial court erred and abused its discretion by finding Plaintiff-Appellant responsible for Defendant-Appellee's uncle and mother's $23,000 dollar credit card debt acquired nearly thirteen years ago, prior to Appellant and Appellee's house fire in September 2000 and against the manifestation of evidence.

{¶13} "[8.] Trial Court erred and abused its discretion for failure to hold Defendant-Appellee and her attorney in contempt of court for obstructing official business, obstructing justice, perjury and false representation under oath with regards to Plaintiff-Appellant's military commissary card.

{¶14} "[9.] Trial court committed prejudicial error and abused its discretion in its determination and division of assets and liabilities of Plaintiff-Appellant and Defendant-Appellee during the duration of their marriage with regards to the recent fifty-seven thousand dollar judgment and lien against the Clark Road Home.

{¶15} "[10.] The trial court committed prejudicial error and abused its discretion for failing to calculate reasonable gross income for a license beautician in its determination due to Defendant-Appellee's little finger allegedly recently injured."

{¶16} In his first assignment of error, appellant's main argument is that the trial court abused its discretion in adopting the magistrate's decision and determining his gross income for purposes of calculating spousal support.

{¶17} In his fifth assignment of error, appellant alleges that the trial court abused its discretion in extending his spousal support payments to appellee for an additional five and a half years at an increased amount of money.

4

**{¶18}** In his tenth assignment of error, appellant contends that the trial court erred in failing to calculate appellee's reasonable gross income as a licensed beautician in rendering its spousal support determination.

**{¶19}** Because appellant's first, fifth, and tenth assignments of error are interrelated, we will address them in a consolidated fashion.

**{¶20}** We apply an abuse-of-discretion standard when reviewing a trial court's adoption of a magistrate's decision. *Allen v. Allen*, 11th Dist. No. 2009-T-0070, 2010-Ohio-475, ¶24. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason, nor the record." *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

**{¶21}** The Second Appellate District also adopted a similar definition of the abuse-of-discretion standard: an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8 Ed.Rev.2004). When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶67.

**{¶22}** We are aware that appellant is a pro se litigant in this matter. As such, appellant suggests that he should receive special leeway. We note that a pro se litigant

is generally afforded leniency, however, there are limits to the court's leniency. *See In re Rickels*, 3rd Dist. No. 11-03-13, 2004-Ohio-2353, ¶4, citing *State v. Chilcutt*, 3rd Dist. Nos. 3-03-16, 3-03-17, 2003-Ohio-6705, ¶9; citing *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992); *In re Paxton*, 4th Dist. No. 91-CA2008 (June 30, 1992). "It is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶25, citing *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, ¶5 (4th Dist.2005). "However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel." *Id.* Although we recognize the difficult task a pro se litigant faces when representing himself, we must adhere to the established rule that "'[a] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court.'" *Lopshire v. Lopshire*, 11th Dist. No. 2008-P-0034, 2008-Ohio-5946, ¶32, quoting *Metzenbaum v. Gates*, 11th Dist. No. 2003-G-2503, 2004-Ohio-2924, ¶7, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist.1996).

**{¶23}** In Ohio, the standard is notice pleading. *See McWreath v. Cortland Bank*, 11th Dist. No. 2010-T-0023, 2012-Ohio-3013, ¶38, citing *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, ¶5 (4th Dist.2008). Complete formality and strict compliance with the Civil Rules of Procedure are not required. Rather, notice pleading merely requires "reasonable notice" of a claim. *Id.*

**{¶24}** With that said, with regard to his first assignment, appellant cites to various sections of the Ohio Revised Code to support his argument that the trial court abused its discretion in adopting the magistrate's decision and determining his gross

income for purposes of calculating spousal support.  However, our review of the record does not establish that the trial court committed any violations.  There is no evidence that the support order violates any applicable Code sections.  Appellant's further reliance on various Code sections as support to exempt the tractor from marital assets is also misplaced based on the facts presented.

{¶25} Appellant additionally claims that the court refused to accept any documents with regard to service connected disability benefits and/or assets.  However, the record establishes that appellant introduced exhibits documenting his sources of income and testified about his sources of income.

{¶26} Further, appellant alleges that the court imposed an additional five and a half years of spousal support.  However, the appealed judgment reveals that the spousal support order was backdated to September 29, 2010.  Thus, the trial court only added six months to the duration of the spousal support order, which appellant originally agreed upon in the now vacated September 2010 divorce decree, not an additional five and a half years as he now alleges.  Also, the trial court's judgment reveals that appellant is to pay appellee $1,000 per month in spousal support, $250 more than the original agreed upon amount of $750.  However, the trial court took away from appellant two monetary obligations originally agreed upon in the now vacated 2010 decree.  Based on the facts presented, we fail to see that the trial court abused its discretion under R.C. 3105.18.

{¶27} Finally, appellant's allegation that appellee's finger was "recently injured" is incorrect.  The record reveals that appellee's beautician license is in escrow.  Appellee testified that her license is inactive because she cannot work as a beautician

7

due to back problems and a prior injury to her finger which resulted in the tip being cut off. She indicated that she has been unable to work as a beautician since the early 1990s. Thus, we disagree with appellant that the trial court should have calculated "reasonable gross income" for appellee as a "licensed beautician" in rendering its spousal support determination.

{¶28} Appellant's first, fifth, and tenth assignments of error are without merit.

{¶29} In his second assignment of error, appellant seems to maintain that the trial court erred by failing to find appellee guilty of perjury, falsification, or false representation.

{¶30} In his seventh assignment of error, appellant contends that the court erred by finding him responsible for a 13-year-old credit card debt, based upon appellee's perjured testimony.

{¶31} In his eighth assignment of error, appellant alleges that the trial court erred by failing to hold appellee in contempt due to her perjured and false testimony with regard to his military commission card.

{¶32} Because appellant's second, seventh, and eighth assignments of error are interrelated, we will address them together.

{¶33} Regarding perjury, R.C. 2921.11(A) states: "No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material."

**{¶34}** With respect to falsification, R.C. 2921.13(A) provides in part: "No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made * * *."

**{¶35}** A false representation, also termed misrepresentation, is defined in part as "[t]he act of making a false or misleading statement about something * * * with the intent to deceive * * * an assertion that does not accord with the facts." *Black's Law Dictionary* 813 (7th Ed.2000).

**{¶36}** Appellant cites to various pages of the transcript to support his allegation that appellee committed perjury, falsification, or false representation. Although the cited pages reveal some confusing testimony, they fail to show any perjury, falsification, or false representation. In fact, our review of the entire transcript does not establish any perjury, falsification, or false representation on behalf of appellee.

**{¶37}** In addition, we determine the trial court did not abuse its discretion in finding nearly $23,000 of debt on a credit card to be marital debt, as the record shows it was used for marital expenses. The fact that appellant does not agree with appellee's testimony does not make it perjury, falsification, or false representation, nor does it make it contrary to the evidence.

**{¶38}** Further, appellant maintains appellee perjured herself with regard to her use of his military commission card. However, it is unclear exactly which court order appellant believes appellee violated, as there was a previous agreement between the parties permitting appellee to use that card.

**{¶39}** Appellant's second, seventh, and eighth assignments of error are without merit.

**{¶40}** In his third assignment of error, appellant contends that the trial court compelled and coerced him to proceed pro se without any continuances.

**{¶41}** This court stated in *Lopshire, supra,* at ¶20-21:

**{¶42}** "'The decision whether to grant a continuance is within the sound discretion of the trial court.' *Hartt v. Munobe*, (1993) 67 Ohio St.3d 3, 9 * * *. Consequently, '(a)n appellate court will not find error "unless it clearly appears, from all the facts and circumstances, that there has been an abuse of discretion, operating to the prejudice of the party in the final determination of the case."' *Garrett v. Garrett* (1997), 54 Ohio App.2d 25, 34 * * *.

**{¶43}** "In ruling upon a motion for a continuance, '(t)he trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant.' *Sayre v. Hoelzle-Sayre* (1994), 100 Ohio App.3d 203, 208 * * *, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 67 * * *. The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and '"other relevant factors, depending on the unique facts of each case."' *Id.*, citing *Unger* at 67-68."[1]

**{¶44}** Appellant raises constitutional issues surrounding his assertion that he had a right to counsel. However, "there is no constitutional right to counsel in a domestic relations matter." *Lopshire, supra,* at ¶35, citing *Alexander v. Alexander*, 5th Dist. No. CT06-0061, 2007-Ohio-3933, ¶31.

---

1. "Although these factors originate from a criminal case, courts in this state have also applied them in the context of civil actions." *Lopshire, supra,* at ¶21, fn. 2.

**{¶45}** The trial court docket shows that appellant was represented by counsel during the pendency of this case. On July 24, 2012, he was notified that his attorney was withdrawing. Thus, he had over a month to obtain new counsel before the rescheduled August 30, 2012 hearing. However, appellant presented no evidence that he made any effort to obtain a new representative. Further, the trial court docket also shows that appellant sought and received continuances five times.

**{¶46}** We find that the trial court used its discretion in controlling its own docket. Appellant fails to show how he was prejudiced due to the denial of his latest request for a continuance. A review of the record does not establish that the court acted in an improper manner or denied appellant of any constitutional right.

**{¶47}** Appellant's third assignment of error is without merit.

**{¶48}** In his fourth assignment of error, appellant asserts the trial court erred by denying his pro se motion objecting to the magistrate's decision and requesting findings of fact and conclusions of law.

**{¶49}** The record establishes that appellant's motion to set aside the magistrate's decision, brought pursuant to Civ.R. 53(D)(3)(b), was procedurally deficient. Civ.R. 53(D)(3)(b)(iii) requires that objections to a magistrate's findings of fact "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *." Appellant failed to file the transcript from the August 30, 2012 hearing at the time he filed his motion to set aside the magistrate's decision.

**{¶50}** In addition, the September 4, 2012 magistrate's decision, which appellant takes issue with, was nine pages long. It includes five numbered findings of fact with respect to the background of the case, 13 numbered findings of fact regarding division

11

of property and debt, followed by two conclusions of law. In addition, the magistrate's decision includes 12 numbered findings of fact with respect to spousal support and courts costs, followed by two conclusions of law and 13 numbered paragraphs delineating the magistrate's decision.

{¶51} Based on the foregoing and after reviewing the magistrate's decision, we determine that the trial court did not err in overruling appellant's motion and adopting the magistrate's decision.

{¶52} Appellant's fourth assignment of error is without merit.

{¶53} In his sixth assignment of error, appellant maintains the trial court erred in its distribution because appellee should be responsible for 50 percent of the mortgage, home insurance, property taxes, and utility bills associated with the Clark Road home.

{¶54} In his ninth assignment of error, appellant contends the trial court erred in its determination and division of assets and liabilities concerning a $57,000 judgment lien against the Clark Road home.

{¶55} Because appellant's sixth and ninth assignments of error are interrelated, we will consider them together.

{¶56} The record establishes that appellant remained in the former marital home on Clark Road since the parties divorced and was awarded the residence in the divorce decree. Appellee does not retain any property interest in the Clark Road home and has in fact deeded the residence to appellant. The $57,000 judgment lien on that home is the result of appellant and his company being sued for a matter involving breach of contract. The evidence does not demonstrate that the lien is a marital debt. We disagree with appellant that the trial court erred in its determination or distribution.

**{¶57}** Appellant's sixth and ninth assignments of error are without merit.

**{¶58}** For the foregoing reasons, appellant's assignments of error are not well-taken.  The judgment of the Geauga County Court of Common Pleas is affirmed.  It is ordered that appellant is assessed costs herein taxed.  The court finds there were reasonable grounds for this appeal.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs with a Concurring Opinion.


_____


DIANE V. GRENDELL, J., concurs with a Concurring Opinion.

**{¶59}**  I concur in the majority's decision, affirming the judgment of the trial court. I write separately due to the fact that I disagree with the statement that a pro se litigant "is generally afforded leniency" by the courts.

**{¶60}** While a few appellate districts have concluded that some degree of leniency should be granted to pro se litigants, the majority cites to no case law from either the Ohio Supreme Court or this district reaching such a holding.  This court has continually held that pro se litigants are not entitled to special treatment**.**  "[P]ro se litigants are presumed to have knowledge of the law and legal procedures and * * * they are held to the same standard as litigants who are represented by counsel."  *State v. Cummings*, 11th Dist. No. 2010-G-2991, 2011-Ohio-3119, ¶ 26, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10 (citation omitted); *Marble Builder Direct Intl., Inc. v. Hauxhurst*, 11th Dist. No. 2011-L-040, 2012-

Ohio-1674, ¶ 30. "[A] pro se litigant is not to be accorded greater, or lesser, rights because of their pro se status." (Citation omitted.) *Pengov v. Pengov*, 11th Dist. No. 2002-G-2485, 2003-Ohio-6755, ¶ 33; *also State v. Kress*, 11th Dist. No. 2007-T-0075, 2008-Ohio-1658, ¶ 38 ("[a]ppellant's pro se status does not entitle her to special treatment").

{¶61} This court has also noted that, "[i]f the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel." (Citations omitted.) *Karnofel v. Kmart Corp.*, 11th Dist. Nos. 2007-T-0036 and 2007-T-0064, 2007-Ohio- 6939, ¶ 27.

{¶62} In none of the foregoing cases did this court state that a pro se litigant should be afforded leniency. Such a conclusion contradicts the general principles discussed above. A defendant cannot be held to the same standard as other litigants but also be "generally afforded leniency."

{¶63} With the foregoing reservations, I concur in the majority's judgment.