[Cite as *Meros v. Protec Auto Body & Restoration, L.L.C.*, 2023-Ohio-3020.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| THOMAS L. MEROS, | CASE NO. 2022-P-0087 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Municipal Court, Ravenna Division |
| PROTEC AUTO BODY & RESTORATION LLC, | Trial Court No. 2022 CVI 00914 R |
| Defendant-Appellee. | |

## **O P I N I O N**

Decided: August 28, 2023
Judgment:  Affirmed

*Thomas L. Meros*, pro se, 7912 Maryland Avenue, Cleveland, OH 44105 (Plaintiff-Appellant).

*Gerrit denHeijer*, Giulitto Law Office, 222 West Main Street, P.O. Box 350, Ravenna, OH 44266 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1}   Appellant, Thomas L. Meros, appearing pro se, challenges Portage County Municipal Court, Ravenna Division's adoption of the magistrate's decision relating to a complaint he filed against appellee, Protec Auto Body & Restoration LLC. The judgment awarded appellant partial damages on his small-claim complaint alleging appellee was negligent and failed to perform repairs in a workmanlike fashion on appellant's vehicle. We affirm.

{¶2} On June 15, 2022, appellant filed a small-claim complaint seeking damages from appellee in negligence for its alleged failure to properly repair his 2006 BMW sedan. In particular, appellant alleged he paid appellee $692.22 for a hood panel, $63.00 each for two black grills, and $672.43 for an engine cooling fan. He claimed that while he was on a trip, the vehicle overheated. Appellant asserted appellee installed the wrong fan which caused additional problems requiring repair. In sum, appellant alleged appellee's actions cost him an additional $2,085.99.

{¶3} Later, appellant paid appellee $380.00 to repair a small leak in a gasket. Appellant claimed appellee failed to properly fix the leak causing a larger leak resulting in appellant paying $750.00 for an additional repair. Appellant subsequently contacted appellee claiming the hood it installed did not fit correctly. In response, appellee allegedly installed wooden shims to raise the right fender to correct the imbalance. Appellant later enlisted a different mechanic to address his concerns with the vehicle, costing him an additional $1,856.45. In light of these facts, appellant sought $4,692.44 in damages.

{¶4} The matter was tried to the magistrate. The magistrate issued findings of fact and conclusions of law in which he determined appellant failed to meet his burden of proof on his allegations with the exception of the repairs involving the hood and the fender. After calculating damages, the magistrate recommended appellant be awarded $694.06 on his complaint. Appellant filed objections to the magistrate's decision but failed to file a copy of the transcript. The objections related to the magistrate's factual findings. The trial court subsequently adopted the magistrate's decision in full. This appeal follows.

{¶5} Appellant assigns the following as error:

2

"[1.] The magistrate committed prejudicial error and erred as a matter of law when awarding appellant only $646.06, which is against the manifest weight of the evidence.

"[2.] The trial court committed reversible error in affirming the barren findings of fact and conclusion of law submitted by the magistrate while ignoring the proper standard of review.

"[3.] The trial court erred as a matter of law and abused its discretion in affirming the magistrate's award that limited appellant's award of damages to only $694.06, which is against the manifest weight of the evidence."

{¶6} Appellant's assigned errors relate to the magistrate's weighing of the factual evidence. Appellant disputes the weight the magistrate accorded the evidence he submitted in support of his case. Even though he acknowledges he failed to provide the lower court with a transcript of the evidence, appellant maintains "[n]o transcript is required to explain what was written [in the exhibits he submitted.] The problem with appellant's assertion is that the exhibits are filed *with* and thus are part of the transcript of proceedings. *State v. Hendrix*, 1st Dist. Hamilton No. C-160887, 2018-Ohio-3754, ¶ 8 ("[F]or purposes of the Ohio Rules of Appellate Procedure, the exhibits admitted at trial are part of the transcript of the proceedings. *See* App.R. 9(A)(1) and 9(B)(6)(g).").

{¶7} Specifically, the record on appeal includes "[t]he original papers and exhibits thereto filed in the trial court," "a certified copy of the docket and journal entries prepared by the clerk of the trial court," and "the transcript of proceedings, if any, *including exhibits*[.]." (Emphasis added). App.R. 9(A)(1). And the appealing party has a duty to ensure that those portions of the transcript of the proceedings that are necessary for the determination of an appeal are filed with the court of appeals. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Without a transcript, the

3

lower court did not have the exhibits. And neither the trial court nor this court are permitted to consider exhibits in a vacuum.

{¶8} That said, this court summarized the law regarding a party's failure to file a transcript in support of his or her objections to a magistrate's decision in *Estate of Stepien v. Robinson*, 11th Dist. Lake No. 2013-L-001, 2013-Ohio-4306, ¶ 28 as follows:

> Civ.R. 53(D)(3)(b)(iii) provides in pertinent part: "An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *. * * * The objecting party shall file the transcript * * * with the court within thirty days after filing objections * * *." (Emphasis [omitted.]) This court has repeatedly held that an appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the trial court with his objections. *Savage v. Savage*, 11th Dist. Lake Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, ¶ 31; *Yancey v. Haehn*, 11th Dist. Geauga No. 99-G-2210, [2000 WL 263757, *2] (Mar. 3, 2000). The failure to file a transcript waives all factual challenges on appeal. *Eiselstein v. Baluck*, 7th Dist. Mahoning No. 11 MA 74, 2012-Ohio-3002, ¶ 17. The duty to provide a transcript to the trial court rests with the person objecting to the magistrate's decision. *In re O'Neal*, 11th Dist. Ashtabula No. 99-A-0022, 2000 WL 1738366, *3 (Nov. 24, 2000). "Where the failure to provide the * * * transcript * * * is clear on the face of the submissions, the trial court cannot then address the merits of the factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection." (Emphasis omitted.) *Wade v. Wade*, 113 Ohio App.3d 414, 418, 680 N.E.2d 1305 (11th Dist.1996). When a party fails to file a transcript of the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based on those factual findings. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 654 N.E.2d 1254 (1995); *Saipin v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670, ¶ 9. If the objecting party fails to provide the court with a transcript of the magistrate's hearing to support the objections, the trial court may properly adopt a magistrate's factual findings without any further consideration. *Lincoln*

4

*Savings & Loan Assn. v. Damron*, 4th Dist. Lawrence No. 02CA4, 2003-Ohio-2596, ¶ 23; *Wade, supra*.

{¶9} Further, when no transcript is provided to the trial court in support of factual objections to a magistrate's decision, an appellate court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision. *Smith v. Treadwell*, 11th Dist. Lake No. 2009-L-150, 2010-Ohio-2682, ¶ 25. Without a transcript, the trial court's review of the magistrate's findings of fact is limited to determining whether those findings support the magistrate's conclusions of law. *Id.* "Under such circumstances, therefore, an appellate court will only reverse if it finds the trial court adopted the magistrate's decision when there was clear error or other defect on its face." *Id.*

{¶10} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp*, 61 Ohio St.2d at 199. Because appellant's arguments relate to the magistrate's consideration and weighing of the factual evidence, we must presume regularity.

{¶11} We acknowledge appellant proceeded pro se in this civil matter.

> [A] pro se litigant is generally afforded leniency, however, there are limits to the court's leniency. *See In re Rickels,* 3rd Dist. No. 11-03-13, 2004-Ohio-2353, ¶ 4, citing *State v. Chilcutt,* 3rd Dist. Nos. 3-03-16, 3-03-17, 2003-Ohio-6705, ¶ 9; citing *State ex rel. Karmasu v. Tate,* 83 Ohio App.3d 199, 206 (4th Dist.1992); *In re Paxton,* 4th Dist. No. 91-CA2008 (June 30, 1992). "It is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.,* 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶ 25, citing *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 5 (4th Dist.2005).

5

> "However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel." *Id.* Although we recognize the difficult task a pro se litigant faces when representing himself, we must adhere to the established rule that "'[a] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court.'" *Lopshire v. Lopshire,* 11th Dist. No. 2008-P-0034, 2008-Ohio-5946, ¶ 32, quoting *Metzenbaum v. Gates,* 11th Dist. No. 2003-G-2503, 2004-Ohio-2924, ¶ 7, citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363 (8th Dist.1996).

(Parallel citations omitted). *Henderson v. Henderson,* 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22; *see also State v. Perry,* 11th Dist. Trumbull No. 2014-T-0029, 2015-Ohio-1221, ¶ 15.

**{¶12}** Appellant's failure to file a transcript is fatal to his challenges to the magistrate's decision as well as the trial court's adoption of the same. Despite proceeding pro se, he was nevertheless required to follow the dictates of Civ.R. 53. Failure to do so prevents this court from reviewing the merits of appellant's arguments.

**{¶13}** Appellant's assignments of error are without merit.

**{¶14}** For the reasons set forth above, the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

6

Case No. 2022-P-0087